COLE, Circuit Judge,
concurring.
I write separately because, while I agree with the majority that remanding to the district court for individualized qualified immunity assessments is the correct course of action, I believe that the record makes clear that at least some of the defendants are not entitled to qualified immunity.
*974 As the majority notes, in Phillips v. Roane County, 534 F.3d 531 (6th Cir.2008), a deliberate-indifference case arising from the death of an inmate, we stated that “[wjhere ... the district court is faced with multiple defendants asserting qualified immunity defenses, the court should consider whether each individual defendant had a sufficiently culpable state of mind.” Id. at 542. However, we also emphasized that there is no “rule that plaintiffs cannot present general allegations to prove that each individual defendant has the requisite knowledge for deliberate indifference.” Id. Based on this, we affirmed the denial of qualified immunity for all of the correctional officer defendants because we found that any correctional officer that came into contact with the decedent during the time in question would have known about her medical problems and “their failure to do anything about her ailments amounted to deliberate indifference.” Id. at 542. We specifically-stated that “given the modest size of the jail and the obvious nature of [the inmate’s] symptoms, we find unpersuasive the claim that the officers were unaware of her condition.” Id. at 542 n. 1.
This case presents a similar set of circumstances. Ail of the relevant events took place in the intake area of the detention center over the course of several hours. The pertinent facts, construed in the light most favorable to the plaintiff, are as follows. The decedent, Gerald Cor-nett, was brought into the detention center on the arms of two police officers because he was too intoxicated to walk on his own. One of the officers who brought Cornett into the detention center told detention center officials that Cornett had reported suffering a seizure earlier that night. His blood-alcohol level was measured at .339, which in itself was supposed to have triggered a medical assessment under detention center policy, and Cornett repeatedly asked for medical attention, which he was never given. Cornett’s intoxication was obvious to the other inmates, and when summoned by detention center officials to be photographed, he stumbled, knocked his head loudly against the wall, and fell to the floor. After his fall, witnesses saw blood in his hair and on a chair where his head had struck. Officials did not assist Cornett after his fall, and some even laughed at him. After his fall, Cornett was photographed and led to a holding cell where officials laid him down on the floor and left him alone and unattended for nearly an hour and a half. While in the holding cell, Cornett slipped into a coma. Several days later, he died from the head injuries he suffered in the intake area.
Given this set of facts, it is hard to believe that the officials attending to Cor-nett, particularly after his head injury, were not aware of the seriousness of his condition. Accordingly, I believe that at least some of the defendants acted with deliberate indifference to Cornett’s obvious medical needs and are not entitled to qualified immunity.